IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JACOB VAN DYKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-525 |
| | § | |
| OFFSHORE SPECIALTY FABRICATORS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

This suit arises out of injuries allegedly sustained by Jacob Van Dyke ("Plaintiff") while working aboard the M/V MISS ASHLEY. Now before the Court is the Motion to Transfer Venue by Offshore Specialty Fabricators, Inc. ("Defendant"). For the following reasons, Defendant's Motion is respectfully **DENIED**.

**I. Procedural History**

Defendant filed this Motion to Transfer Venue on October 27, 2004. After receiving two extensions of time to respond, Plaintiff responded on January 31, 2005. Plaintiff's Response indicated that Defendant had not produced a full crew list, which impeded Plaintiff's investigation of the location of important witnesses. Therefore, on February 4, 2005, the Court ordered Defendant to produce the crew list and gave the Parties 60 days to conduct related discovery. The Parties had 15 days beyond that to supplement their filings with information about likely witnesses. **II. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**III. Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). Defendant has listed a number of potential witnesses

residing in Texas, the Eastern and Western Districts of Louisiana, and Mississippi. Plaintiff points out that only one witness, other than Plaintiff himself, actually lives in the Eastern District of Louisiana. Since this Court regularly allows witnesses to be presented by deposition, conducting a non-jury trial in this District will not be significantly more expensive than in the Eastern District of Louisiana. Also, because the witnesses are scattered across three states, no one venue will be convenient for all witnesses. Therefore, this factor weighs against transfer.

B.  *Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Defendant has not given the Court any indication that the records located in Louisiana are so voluminous as to cause Defendant to incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F.Supp.2d at 1060 ("The Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston [from Louisiana]."). This factor weighs neither for nor against transfer.

C.  *Potential for Delay*

The Court acknowledges that Defendant timely filed this Motion and graciously consented to two extensions of time for Plaintiff's Response. Nonetheless, this case is set for trial on August 8, 2005, approximately three months from now. Transferring the case at this stage would delay resolution of this matter. This factor weighs slightly against transfer.

D.  *Plaintiff's Choice of Forum*

Defendant acknowledges that Plaintiff's choice of forum is generally entitled to great deference, but it maintains that the choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas

was entitled to little or no deference where the case had no connection to the forum). Plaintiff lives in Louisiana, but some witnesses do reside in this District. Therefore, Plaintiff's choice is still entitled to some deference. *See id.* at 1109. This factor weighs slightly against transfer.

E. *Place of the Alleged Wrong*

Defendant contends that the accident occurred near Houma, Louisiana. Plaintiff responds that the vessel was last removed from service by Station Freeport, according to Coast Guard records. While this fact does not indicate where the accident occurred, it does show that this vessel has some connection to this District. This gives the people of this District a greater interest in the safety and condition of this vessel. This factor weighs neither for nor against transfer.

IV. **Conclusion**

This case presents a very close question for the Court. Because the witnesses are scattered across three states, it does not appear that any venue will be convenient for all Parties and witnesses. Therefore, Defendant's Motion to Transfer Venue is respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 25th day of April, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge